IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene Vincent Cockroft, | C/A No. 0:11-2287-RMG-PJG |
| Plaintiff, | |
| v. | |
| Michael J. Astrue, Commissioner of Social Security, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Eugene Vincent Cockroft[1] brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## ADMINISTRATIVE PROCEEDINGS

In February 2008, Cockroft applied for DIB and SSI, alleging disability beginning September 27, 2002. Cockroft's applications were denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on April 6, 2010, at which Cockroft, who was represented by Beatrice Whitten, Esquire, appeared and testified. The ALJ, after

---

[1] The record and filings reference the plaintiff's last name as "Cockroft" and "Cockcroft."



hearing testimony from a vocational expert, issued a decision on May 28, 2010 denying benefits and concluding that Cockroft was not disabled. (Tr. 784-96.)

Cockroft was born in 1960 and was forty-six years old as of January 25, 2007, the beginning of the period that the ALJ considered properly under review. He attained a general equivalency diploma as well as completing additional training as a master electrician, and has past relevant work experience as an electrician. (Tr. 173, 179.) Cockroft alleged disability since September 27, 2002 due to chronic pain, anxiety, panic attacks, bipolar disorder, chronic obstructive pulmonary disease ("COPD"), seizures, memory loss, and hepatitis C. (Tr. 172.)

The ALJ found as follows:

1.  The claimant met the insured status requirements of the Social Security Act through June 30, 2008.

2.  The claimant has not engaged in substantial gainful activity since January 25, 2007 (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.*).
    
    \* \* \*

3.  The claimant has the following severe impairments: osteoarthritis, chronic obstructive pulmonary disease, a vision disorder, and a bipolar condition with anxiety (20 CFR 404.1520(c) and 416.920(c)).
    
    \* \* \*

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
    
    \* \* \*

5.  . . . [T]he claimant has the residual functional capacity to perform a significant range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant can read and write; add and subtract simple numbers; sit for 6 hours in an 8-hour day with normal breaks; stand and walk for 2 hours each in an 8-hour day for 15 minutes at one time; requires the freedom to change his position; can lift up to 10 pounds occasionally and lesser amounts frequently; can occasionally push and pull up to 10 pounds; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; must avoid climbing ladders, scaffolds, and ropes; must avoid work requiring discriminating finding detail at a distance; must avoid poor



> ventilation, hazards, public contact, more than casual contact with co-workers, rapid changes, quick decision-making, and multiple demands; and is limited to the performance of simple, routine, and repetitive tasks performed in a stable environment.
>
> \* \* \*
>
> 6. As a result of the residual functional capacity described above, the claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> \* \* \*
>
> 7. The claimant was born . . . [in]1960 and was 46 years old, which is defined as a younger individual age 45-49, on January 25, 2007 (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> \* \* \*
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from January 25, 2007 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 786-95.)  The Appeals Council denied Cockroft's request for review with regard to his DIB application on August 12, 2011, making the decision of the ALJ with regard to Cockroft's DIB application the final action of the Commissioner.  (Tr. 11-14.)  However, the Appeals Council granted Cockroft's request for review with regard to his SSI application and found Cockroft disabled as of May 28, 2010.  (Tr. 1-8.)  Thus, the Appeals Council decision became the final action of the Commissioner with regard to Cockroft's SSI application.  This action followed.



## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(I), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1)   whether the claimant is engaged in substantial gainful activity;

(2)   whether the claimant has a "severe" impairment;

(3)   whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)   whether the claimant can perform his past relevant work; and

(5)   whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[2]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. §§ 404.1520(h), 416.920(h).



must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589.  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  Blalock, 483 F.2d at 775.



## ISSUES

Cockroft raises the following issues for this judicial review:

I. The ALJ failed to properly assess plaintiff's complex regional pain syndrome according to Social Security Ruling 03-02P;

II. The Commissioner failed to meet its burden at Step Five of the sequential evaluation process.

III. The ALJ failed to properly consider lay evidence.

IV. The court should reverse the ALJ's decision outright and order the Commissioner to award Mr. Cockroft benefits commencing in 2005.

(Pl.'s Br., ECF No. 24.)

## DISCUSSION

**A.     Relevant Time Period**

As an initial matter, Cockroft argues that he is entitled to benefits "since at least 2005" and also as far back as 2002. Cockroft has filed several previous disability applications with the Social Security Administration in 2002, 2004, and 2006. Cockroft's 2006 application was denied January 24, 2007. (Tr. 784.) Upon denial of each of these applications, which became the final decisions of the Commissioner, Cockroft did not seek judicial review. Accordingly, these applications and decisions are not properly before the court. The decisions that Cockroft appealed in this civil action stem from his February 12, 2008 application. To the extent that Cockroft argues that the earlier decisions are subject to review and not barred under the principles of subject matter jurisdiction or *res judicata*, those arguments are unavailing. See Califano v. Sanders, 430 U.S. 99, 107-08 (1977); Albright v. Comm'r of the Soc. Sec. Admin., 174 F.3d 473, 476 (4th Cir. 1999). Further, the ALJ specifically found in this matter that to the extent that Cockroft was attempting re-open previous



disability applications, he had failed to present good cause or new evidence that was material, and Cockroft has not challenged this determination. (Tr. 785.)

Therefore, as stated by the ALJ, the period under review begins on January 25, 2007 (the day after the date of Cockroft's last unfavorable final decision of the Commissioner). The relevant time period for his DIB application is January 25, 2007 through June 30, 2008 (his date last insured) and for his SSI application, the relevant time period is from February 12, 2008 (the day he filed his current application) through May 27, 2010 (the day before the Appeals Council determined he was entitled to SSI benefits).

**B.     Complex Regional Pain Syndrome**

Cockroft first argues that the ALJ erred in failing to consider his complex regional pain syndrome in accordance with SSR 03-02p. SSR 03-02p contains the policy interpretation for evaluating cases involving reflex sympathetic dystrophy syndrome/complex regional pain syndrome. See SSR 03-02p, 2003 WL 22399117. It is described as a "chronic pain syndrome most often resulting from trauma to a single extremity." Id., at *1. Although the ALJ found that Cockroft suffered from osteoarthritis with chronic pain syndrome (Supp. Tr. 792) and Cockroft points to records suggesting that he suffers from chronic pain, as pointed out by the Commissioner there is no allegation of one or more of the enumerated clinically documented signs in the affected region. SSR 03-02p specifically states that

> RSDS/CRPS can be established in the presence of persistent complaints of pain that are typically out of proportion to the severity of any documented precipitant **and** one or more of the following clinically documented signs in the affected region at any time following the documented precipitant:
> • Swelling;



- Autonomic instability—seen as changes in skin color or texture, changes in sweating (decreased or excessive sweating), changes in skin temperature, and abnormal pilomotor erection (gooseflesh);
- Abnormal hair or nail growth (growth can be either too slow or too fast);
- Osteoporosis; or
- Involuntary movements of the affected region of the initial injury.

Id., 2003 WL 22399117, at *4 (emphasis added).  Accordingly, Cockroft has failed to demonstrate that the Commissioner erred as a matter of law in failing to specifically discuss complex regional pain syndrome in denying his claim for benefits.

**C.     Ability to Perform Other Work**

Cockroft next argues that the ALJ erred in not applying the "Grids" to find Cockroft disabled and in failing to identify and resolve conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles.

When the ALJ's sequential evaluation reaches Step Five, the Commissioner bears the burden of providing evidence of a significant number of jobs in the national economy that a claimant could perform.  Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002).  To improve both the uniformity and efficiency of this determination, the Commissioner promulgated medical-vocational guidelines, located at 20 C.F.R. Part 404, Subpart P, appendix 2 (the "Grids").  Heckler v. Campbell, 461 U.S. 458, 461 (1983).  The Grids consist of three "Tables," each representing a different residual functional capacity, including sedentary (Table 1), light (Table 2), and medium work (Table 3).  Id. Each table then accounts for other vocational factors, including age, education, and previous work experience.  For each combination of factors, the Grids provide whether the claimant is "Disabled" or "Not disabled."  Id.  The social security regulations state that the age categories will not be applied mechanically in a borderline situation.  20 C.F.R. §§ 404.1563(b); 416.963(b).



As of the date of the ALJ's decision, Cockroft was within six months of attaining age fifty. In light of that fact, the Appeals Council determined that the ALJ erred in failing to find Cockroft disabled based on Grid Rule 201.14[3] and that Cockroft was entitled to SSI benefits as of May 28, 2010, the date of the ALJ's decision. Contrary to any argument by Cockroft, he has failed to demonstrate that the Commissioner erred in failing to find that the Grids mandated an earlier finding of disability. As noted above, Cockroft's date last insured for the purposes of DIB benefits was June 30, 2008, at which time Cockroft had attained age forty-seven, which is considered a younger individual (45-49). The Grids indicate a finding of not disabled for this age category. See Grid Rule 201.21.

With regard to the testimony by the vocational expert, the ALJ informed the vocational expert that "I want you to assume [that] I'm going to assume that [your] answers are consistent with the definitions set forth in the Dictionary of Occupational Titles, unless you tell me differently." (Tr. 40.) In response to the ALJ's hypothetical question containing the limitations included in Cockroft's residual functional capacity, the vocational expert responded that Cockroft would be able to perform the sedentary unskilled jobs of a machine tender, DOT #574.685-010 and inspector, DOT #726.684-050. (Tr. 40-41.) The vocational expert provided the number of these jobs available in the local and national economy. Cockroft first argues that these jobs, which require a reasoning level of two,[4] are

---

[3] Rule 201.14 provides that an individual closely approaching advanced age (50-54), with a high school education or more that does not provide for direct entry into skilled work and with skilled or semi-skilled previous work that is not transferable is disabled.

[4] A reasoning level of two is defined as "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." See, e.g., Dictionary of Occupational Titles, 1991 WL 684012.



inconsistent with Cockroft's limitation to simple and routine tasks. The court finds this argument unavailing. See Davis v. Comm't of Soc. Sec., C/A No. SAG-11-2779, 2013 WL 153594, at *2 (D. Md. Jan. 14, 2013) (finding that "reasoning levels of two are consistent with limitations to simple instructions and routine tasks") (citing Dillon v. Astrue, No. 08-2597, 2011 WL 337334, at *5 (D. Md. Jan. 31, 2011)); see also Def.'s Br. at 37-39, ECF No. 27 at 37-39) (collecting cases). Moreover, Cockroft has failed to provide any support for his assertion that the job machine tender, which requires a reading level of two, in inconsistent with Cockroft's RFC. Similarly, Cockroft's allegations that he is precluded from these positions based on alleged limitations with the use of his hands and need for a walker were not limitations that were included in Cockroft's RFC, and he has failed to demonstrate that the ALJ's failure to include these alleged limitations in Cockroft's RFC was unsupported by substantial evidence or controlled by error of law.

**D.     Letter Submitted to the Appeals Council**

Finally, Cockroft argues that consideration of a letter from one of his neighbors, W.B. Bazzle, which was submitted for the first time to the Appeals Council, renders the decisions unsupported by substantial evidence. Bazzle's letter indicates that he has known Cockroft since Cockroft was born. Bazzle notes that Cockroft has been injured several times and that he has witnessed Cockroft degenerate physically and mentally, recounting an instance where Cockroft's knee "locked up" and indicating that Cockroft always has neck pain. (Tr. 278.) Bazzle indicates that based on his supervisory experience, he would never hire Cockroft because he would be a hazard to himself and the workers around him. Finally, Bazzle notes that he is a "strict conservative" but that Cockroft is not capable of doing any kind of work.



The Fourth Circuit has explicitly held that "[t]he Appeals Council need not explain its reasoning when denying review of an ALJ decision." Meyer v. Astrue, 662 F.3d 700, 702 (4th Cir. 2011). In determining whether the Commissioner's final decision is supported by substantial evidence and reached through the application of the correct legal standard, the court must " 'review the record as a whole' including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.' " Id. at 704 (alterations in original) (quoting Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (*en banc*)). If the court cannot determine whether, in light of the additional evidence submitted, the Commissioner's decision is supported by substantial evidence, remand is warranted. Meyer, 662 F.3d at 707 (reversing and remanding the Commissioner's decision because upon considering the whole record, including the new evidence submitted to the Appeals Council, the court could not determine whether substantial evidence supported the ALJ's denial of benefits). The Court recognized, however, that in some cases the record would clearly show that the additional evidence did not cause the ALJ's decision to be unsupported by substantial evidence. See id. (discussing Smith v. Chater, 99 F.3d 635, 638-39 (4th Cir. 1996)). Upon review of the decisions and the parties' filings, the court finds that this is such a case. (See Pl.'s Br. at 2-11, ECF No. 24 at 2-11; Def's Br. at 3-18, ECF No. 27, 3-18 (both summarizing the testimony and evidence presented); Tr. 786-96; 5-8; 11-14 (decisions)).

**E.     Other Issues**

To the extent that Cockroft's brief may be construed to raise any other issues, the court finds that Cockroft has merely mentioned them in a conclusory fashion and has failed to support these



assertions of error.  Moreover, to the extent that Cockroft raises issues for the first time in her reply brief, such assertions of error are not properly before the court.

## RECOMMENDATION

For the foregoing reasons, the court finds that Cockroft has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard.  See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517.  The court therefore recommends that the Commissioner's decision be affirmed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 25, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).