IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene Vincent Cockroft, ) | 2013 MAR -1  P 4: 35 |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:11-2287-RMG |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff has brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on January 25, 2013 recommending that the Commissioner's decision be affirmed. (Dkt. No. 38). Plaintiff filed objections to the Magistrate Judge's report and the Commissioner filed a reply. (Dkt. Nos. 40, 41). As more fully set forth below, the decision of the Commissioner is reversed and remanded for the Commissioner to weigh and reconcile the new and material evidence offered to the Appeals Council by Plaintiff in accordance with *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011).

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1527(b). This includes the duty to "evaluate every medical opinion we receive." *Id.* § 404.1527(c). Special consideration is to be given to the opinions of treating physicians of the claimant, based on the view that "these sources are likely to be the medical

professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2). Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of factors, including the examining relationship, the treatment relationship, length of treatment, nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician was a specialist. *Id.* §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2P, 61 Fed. Reg. 34490, 34492 (July 2, 1996).

The Commissioner is also obligated to consider other relevant non-medical evidence offered by the claimant, including lay evidence. The Commissioner has specifically recognized lay evidence should be considered in determining the claimant's Residual Functional Capacity ("RFC") and in assessing the claimant's credibility regarding complaints of pain. SSR 96-7P, 61 Fed. Reg. 34483, 34486 (July 2, 1996); SSR 96-8P, 61 Fed. Reg. 34474, 34477 (July 2, 1996). The Fourth Circuit recently observed that lay evidence is particularly probative when it corroborates medical evidence. *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 342 (4th Cir. 2012).

A claimant may offer relevant evidence to support his or her disability claim throughout

the administrative process. Even after the Administrative Law Judge (ALJ) renders a decision, a claimant who has sought review from the Appeals Council may submit new and material evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision. 20 C.F.R. §§ 404.968, 404.970(b). The new evidence offered to the Appeals Council is then made part of the record. The Social Security Regulations do not require the Appeals Council expressly to weigh the newly produced evidence and reconcile it with previously produced conflicting evidence before the ALJ. Instead, the regulations require only that the Appeals Council make a decision whether to review the case, and, if it chooses not to grant review, there is no express requirement that the Appeals Council weigh and reconcile the newly produced evidence. *Meyer*, 662 F.3d at 705-06.

As the Fourth Circuit recently addressed in *Meyer*, the difficulty arises under this regulatory scheme on review by the courts where the newly produced evidence is made part of the record for purposes of substantial evidence review but the evidence has not been weighed by the fact finder or reconciled with other relevant evidence. *Meyer* held that as long as the newly presented evidence is uncontroverted in the record or all the evidence is "one-sided," a reviewing court has no difficulty determining whether there is substantial evidence to support the Commissioner's decision. *Id.* at 707. However, where the "other record evidence credited by the ALJ conflicts with the new evidence," there is a need to remand the matter to the fact finder to "reconcile that [new] evidence with the conflicting and supporting evidence in the record." *Id.* Remand is necessary because "[a]ssessing the probative value of the competing evidence is quintessentially the role of the fact finder." *Id.*

## Discussion

Plaintiff has sought disability benefits since his initial application on June 18, 2004, then asserting an onset of September 27, 2002. Transcript of Record ("Tr.") at 784. This application for benefits was denied by a decision of an ALJ on September 28, 2006, and no appeal was taken from the decision by the Appeals Council denying a request for review by the Plaintiff. *Id.* Plaintiff filed another application for disability benefits on October 26, 2006 and no appeal was taken from the denial of benefits on January 24, 2007. Plaintiff filed new applications for DIB and SSI on February 12, 2008 seeking benefits beginning September 27, 2002.

The ALJ conducted a hearing on the 2008 disability applications on April 6, 2010 and issued a decision on May 28, 2010 denying Plaintiff disability benefits. Tr. at 784-96. The ALJ found that Plaintiff had the RFC to perform certain sedentary work and that there were sufficient jobs in the national economy that Plaintiff could perform, thereby supporting a finding of non-disability. Tr. at 788-94. Plaintiff timely requested review by the Appeals Council, which was granted. The Appeals Council subsequently issued a decision on August 11, 2011 finding Plaintiff disabled as of the date of the ALJ's decision, May 28, 2010. Tr. at 5-7. The Appeals Council noted that Plaintiff became eligible for disability at age 50, on November 1, 2010, under controlling Social Security regulations and that the ALJ decision dated of May 28, 2010 was approximately six months before Plaintiff's automatic eligibility date. The Appeals Council indicated that it had the discretionary authority to be flexible in "borderline situations" and exercised that authority by granting Plaintiff disability benefits on and after May 28, 2010. Tr. at 6.

Plaintiff thereafter appealed to this Court the decision of the Commissioner denying him

disability benefits for the period prior to May 28, 2010, contending that he is entitled to benefits from September 27, 2002. The Magistrate Judge issued a Report and Recommendation recommending the Commissioner's decision to deny Plaintiff disability benefits prior to May 28, 2010 be affirmed. (Dkt. No. 38). Plaintiff thereafter filed objections to the Report and Recommendation of the Magistrate Judge. The Court has reviewed *de novo* all issues raised by Plaintiff at any time in the appeal.

### A. Relevant Time Period

Plaintiff seeks disability benefits dating from the onset date of September 27, 2002, which was asserted both in the 2004 and 2006 disability applications. These prior denials of benefits, which are now final, adjudicated the period of alleged disability at issue in those claims. Thus, all claims of disability from the alleged onset date of September 27, 2002 through the date of the last denial, on January 24, 2007 have been adjudicated and are subject to claim preclusion. *Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 476 (4th Cir. 1999). The Court finds Plaintiff's arguments to the contrary unpersuasive. (Dkt. No. 40 at 6-9). Since the Appeals Council has now awarded Plaintiff benefits from May 28, 2010 forward, the relevant period at issue in this appeal is January 25, 2007 through May 27, 2010.[1]

### B. Consideration of Evidence Submitted to the Appeals Council

There is little doubt that the very involved medical history of the claimant has presented a

---

[1] Evidence relating to impairments existing prior to January 25, 2007 may be offered by Plaintiff in support of a claim of disability during the relevant time period if there is adequate evidence of "linkage" between the earlier evidence and the claimant's condition during the period under adjudication. *Bird*, 699 F.3d at 340-41.

difficult challenge to the Social Security Administration in processing his applications for disability. On one hand, Plaintiff undisputedly has severe impairments relating to osteoarthritis, chronic obstructive pulmonary disease, a vision disorder, a bi-polar condition, and anxiety sufficient to render him limited, at most, to sedentary work. Tr. at 787. The record reflects numerous traumatic injuries suffered by Plaintiff, including many motor vehicle accidents, a stabbing, a gun shot injury, and a rape while incarcerated. Tr. at 360, 378, 390, 435, 457, 496. On the other hand, the record is replete with evidence of drug seeking behavior and alcohol abuse. Tr. at 361, 385, 391, 409, 436, 466, 470. This has presented the Commissioner with the challenge of determining whether Plaintiff, during the relevant time period, was a person with non-disabling impairments that were compounded by drug or alcohol abuse or a disabled person who also abused drugs and alcohol. A critical issue in resolving this claim is whether Plaintiff's constant complaints of severe and unremitting pain were genuine or a ruse to obtain narcotic pain medications. The Commissioner's assessment of Plaintiff's credibility is a necessary and significant matter to be resolved in making this determination.

  The ALJ ultimately determined that Plaintiff was capable of sedentary work and was (prior to his 50th birthday) not eligible for disability benefits. Tr. at 788-94. In making this determination, the ALJ was required to weigh and reconcile the testimony and opinions of Plaintiff's treating psychiatrist, Dr. Samuel Rosen, and the Plaintiff's mother, both of whom asserted Plaintiff had disabling impairments, against the assessments of various non-examining physicians who asserted in chart reviews that Plaintiff was capable of at least sedentary work. Tr. at 34-37, 390-96, 397-413, 451-57, 458-75, 524-27. The ALJ ultimately accorded "limited" or "minimal" weight to the opinions of Dr. Rosen and Plaintiff's mother and gave "some weight"

to the opinions of the non-examining chart reviewers. Tr. at 791-92.

Shortly after the ALJ's decision of May 28, 2010, a letter was submitted to the Appeals Council from a lifelong neighbor of Plaintiff's, Mr. W.B. Bazzle, offering observations and opinions regarding Plaintiff's impairments and his ability to maintain employment. Tr. at 278-79. This included a personal observation that Plaintiff had "physically and mentally" deteriorated in recent years and was in constant pain because of his impairments. *Id.* Mr. Bazzle also shared a situation where he was present when Plaintiff's knee "locked up on him" and he had to personally carry the claimant up an embankment. *Id.* Mr. Bazzle concluded that he had supervised during his work life "hundreds of employees" while working as a maintenance engineer with the South Carolina Department of Highways and that Plaintiff would be, if employed, "a hazard to himself and the workers around him." *Id.*

The Bazzle letter is certainly "new and material" and tends to corroborate the evidence offered by Dr. Rosen and Plaintiff's mother, which had been rejected by the ALJ. Further, the letter conflicts with opinions offered by the various non-examining medical experts whose testimony was credited to some degree by the ALJ. In short, the newly submitted evidence goes to the heart of the dispute over the genuineness of Plaintiff's pain complaints and his credibility.

As the Fourth Circuit noted in *Meyer v. Astrue*, the newly presented evidence to the Appeals Council is made part of the case record but no fact finder has weighed the new evidence or attempted to reconcile the newly produced evidence with conflicting and supporting evidence in the record.[2] 662 F.3d at 707. Since this is not a situation where the evidence is "one-sided,"

---

[2] The Appeals Council indicated that it had "considered" the Bazzle letter and concluded that "this information does not provide a basis for changing the Administrative Law Judge's decision." Tr. at 12. This type of conclusory statement does not provide the reviewing court

remand is necessary for the fact finder to weigh this new evidence and reconcile it with the competing evidence in the record. *Id.* The *Meyer* court noted that "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder" and "[w]e cannot undertake it in the first instance." *Id.*

## Conclusion

Based upon the foregoing, the Court hereby **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings consistent with this opinion pursuant to Sentence Four of 42 U.S.C. § 405(g).

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

March __, 2013
Charleston, South Carolina

---

sufficient information regarding the weight accorded the Bazzle letter and how this newly provided information was reconciled with the supporting and conflicting information in the record.