IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene Vincent Cockroft, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:11-2287-RMG |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

This matter comes before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 45). Plaintiff seeks an award of $9,938.36, on the basis of an hourly rate of $180.59 for four hours of legal work during the calendar year 2011 and $184.23 for 50 hours of legal work during the calendar years 2012 and 2013. (Dkt. No. 45-2). Defendant objects to an award under EAJA, contending that the Government's litigation position on appeal was "substantially justified." (Dkt. No. 46).

Under the provisions of EAJA, parties prevailing against the United States are entitled to an award of attorney's fees unless the Government can carry its burden of demonstrating that its litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "Substantial justification" is more than "merely undeserving of sanctions for frivolousness" and the Government's position must be "reasonable . . . both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). The Government's position is substantially justified where "a reasonable person could think it correct." *Id.* at 566 n.2.

This matter originally came before the Court on an appeal of the decision of the

-1-

Commissioner denying Plaintiff disability benefits. In the course of the administrative process, Plaintiff submitted to the Appeals Council new and material evidence in the form of a statement from a lifelong neighbor who offered eyewitness information concerning the claimant's physical and mental deterioration, which was highly relevant to the conflicting expert opinions offered by Plaintiff's treating physician in support of the disability claim and non-examining chart reviewing physicians who opposed a disability finding. The Appeals Council denied Plaintiff's request for review but did not weigh this new and material evidence or reconcile this evidence with supporting and conflicting evidence already in the record.

The Court found the failure of the Appeals Council or any other fact finder to weigh and reconcile the new and material evidence submitted to the Appeals Council to be contrary to the clear holding of the Fourth Circuit in *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). (Dkt. No. 43 at 6-9). The Court is aware that the Commissioner has vigorously contested the obligation of the Appeals Council to weigh and reconcile new and material evidence produced for the first time at the Appeals Council level, and after failing to persuade the Fourth Circuit in *Meyer* of the correctness of his position, has persistently argued a narrow interpretation of the decision that disregards the clear holding of the case in Section III of the opinion. Indeed, the memorandum of the Commissioner in this case failed to address her clear obligation to weigh and reconcile the new and material evidence submitted to the Appeals Council where the evidence is not "one sided." *Meyer*, 662 F.3d at 707. In such a situation, remand is mandated so that the Commissioner, as the fact finder, can make findings regarding the new and material evidence offered for the first time to the Appeals Council and "attempt to reconcile that evidence with the conflicting and supporting evidence in the record." *Id.* As the Fourth Circuit explained,

"[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder. . . . Therefore, we must remand the case for further fact finding." *Id.*

The Court finds that the Commissioner has failed to carry her burden of demonstrating that her position in this matter was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Therefore, the Plaintiff's motion for an award of attorney's fees under EAJA is granted.

The Commissioner has not objected to Plaintiff's attorney hours or proposed hourly rate. The Court has, however, reviewed Plaintiff's motion and supporting documentation and finds that the total fee requested, hours expended, and hourly rate are reasonable and authorized under applicable law. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). Therefore, the Court hereby grants an attorney's fee award to Plaintiff under EAJA in the amount of $9,938.36. The Commissioner is directed to make the check payable to Plaintiff and to deliver the check to the office of Plaintiff's counsel.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
June 6, 2013